UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL RAY MILTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-003 RLW ) |
| JON BELMAR, et al. | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on remaining Defendant John Wolf's Motion to Compel (ECF No. 19). Plaintiff Crystal Ray Milton opposes the Motion to Compel and it is fully briefed and ready for decision. Defendant's Motion seeks to compel Plaintiff to sign releases authorizing the disclosure of her mental health records and to produce any records that are in her custody and control. The Court will grant Defendant's Motion to Compel in part, as specified below.

This action under 42 U.S.C. § 1983 alleging the excessive use of force was originally filed in state court and removed to this Court. The Petition (ECF No. 2) alleges Plaintiff was "asleep under a grill cover within the 'three-season room' of an uninhabited house" when Defendant Wolf, his K-9 "Kelso" and other officers searched the rest of the house. (Id. at 1.) Plaintiff alleges that Defendant did not shout a warning but entered the three-season room, Kelso ran to Plaintiff, and she awoke to the dog biting her face. The dog also bit and fractured Plaintiff's hand. (Id. at 1-2.) The Petition alleges Plaintiff suffered various serious physical injuries and "garden variety emotional distress including terror, stress, fear, anxiety, humiliation, and embarrassment."[1] (Id. at 8, ¶ 70.h.)

---

[1] "Garden variety" emotional distress is defined as ordinary and commonplace emotional distress that is simple or usual, as compared to complex distress resulting in a specific psychiatric disorder. Eggering v. MHP, Inc., No. 4:10-CV-1794 AGF, 2011 WL 6029956, at *2 n.1 (E.D. Mo. Dec. 5, 2011) (citation omitted).

Plaintiff does not seek damages for mental health treatment and plans to present only her own testimony in support of her emotional distress damages.

**Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel discovery. See Fed. R. Civ. P. 37 (a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Rule 26 governs the scope of discovery in federal matters:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b)(1), Fed. R. Civ. P. A district court has wide discretion in handling pretrial discovery. Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC, 784 F.3d 1183, 1198 (8th Cir. 2015) (internal quotation and citation omitted).

**Discussion**

Plaintiff testified at deposition that she spoke to certain people about the incident and being bitten by the K-9. Defendant then propounded a second request for production of documents to Plaintiff seeking:

> 1. Copies of all documents, applications, forms, notes or other memorialization made by any person Plaintiff has talked to about the incident described in the Complaint, her allegations in the Complaint and/or her claimed damages including but not limited to emotional distress; this request includes but is not limited to her Drug Court Counselor Pam Palacios, her Probation Officer Melissa Fleming, her therapist Vernice Graves and Dr. Kisker. See attached medical releases for execution by Plaintiff. Copies of medical releases for execution by Plaintiff have already been provided to Plaintiff's counsel.

(ECF No. 19-4 at 1-2.)[2]

Plaintiff objects to this request, arguing she claims only "garden variety" emotional distress that is obvious to a layperson, and as such has not placed her mental health at issue in the case. Plaintiff also states she recently became a Drug Court participant related to a drug addiction, and to permit a "fishing expedition" into her confidential communications with her psychological treaters as to her addiction would undermine her treatment. Plaintiff notes the Supreme Court's recognition of a psychotherapist-patient privilege to protect confidential communications, Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996), and states she is not waiving the privilege by calling her treaters.

The Eighth Circuit Court of Appeals interpreted Jaffee's holding broadly in an employment discrimination case, holding the plaintiff placed her mental health condition at issue where she claimed "severe" emotional distress damages. Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000). Subsequently, this Court has held that mental health treatment records may be discovered to explore the possibility of other causes for a plaintiff's "garden variety" emotional distress in both civil rights and employment discrimination cases, but has reserved ruling as to whether the records would be admissible at trial. See Molina v. City of St. Louis, 4:17-CV-2498 AGF, 2020 WL 3489350, at *2 (E.D. Mo. June 26, 2020) (civil rights plaintiff who claimed garden variety emotional distress arising from use of excessive force placed her mental health at issue, citing Schoffstall; ordering plaintiff to execute releases for her mental health records as to emotional distress); Darden v. AT&T Corp., No. 4:14-CV-1198 RLW, 2015 WL 4993986, at *2 (E.D. Mo. Aug. 19, 2015) (ordering employment discrimination plaintiff who claimed garden variety emotional distress to produce therapy records, stating: "Medical materials regarding [Plaintiff's] mental health 'may become relevant to establish . . . that there were causes other than [her] termination that caused [her] emotional distress.'") (quoting Lewis v. Temp–Air, Inc., No. 4:14-CV-398 CDP, 2014 WL 5432122, at *2 (E.D. Mo. Oct. 27, 2014)); (Eggering v. MHP, Inc., No.

---

[2] The parties did not provide the releases at issue to the Court or describe their scope.

3

4:10-CV-1794 AGF, 2011 WL 6029956, at *2 n.1 (E.D. Mo. Dec. 5, 2011) (ordering production of documents related to treatment for emotional distress where employment discrimination plaintiff claimed garden variety emotional distress).

In light of the foregoing uniform precedent in this District, the Court will grant Defendant's Motion to Compel and order Plaintiff to execute releases for her mental health treatment providers.[3] The Court reserves ruling as to admissibility of the records at trial.  The Court will not order Plaintiff to execute a release as to her state court probation officer, as there is no indication in the record the probation officer is a mental health provider in possession of treatment records.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant John Wolf's Motion to Compel (ECF No. 19) is **GRANTED** to the extent set forth in this Memorandum and Order and **DENIED** in all other respects.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of May, 2021.

---

[3] The Court declines Plaintiff's alternative request to permit her "treaters to produce summaries that otherwise protect the potentially 'embarrassing' and 'disgraceful' conversations that occur in therapy." (ECF No. 27 at 5) (quoting Jaffee, 518 U.S. at 10).  Plaintiff cites no authority to support this undeveloped request.

4